UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN NEVILE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00043-SEB-MJD ) |
| MICHAEL KEVIN GILL, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant's motion for leave to file an amended counterclaim. [Dkt. 44.] The motion was filed on October 21, 2025, after the applicable deadline of August 14, 2025, and therefore may only be granted for good cause. The Court finds good cause to permit the amendment because doing so will clarify the claims of Defendant and permit a more orderly dispositive motions process. The proposed amended counterclaim changes some of the legal bases for the claims asserted by Defendant, although the underlying facts remain basically the same. As the Seventh Circuit has emphatically stated:

> We have made this point repeatedly: "The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017), quoting *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996), accord, e.g., *Johnson v. City of Shelby*, 574 U.S. 10, 10-11, 135 S. Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam) (summarily reversing dismissal based on failure to identify legal theory in complaint); *Skinner v. Switzer*, 562 U.S. 521, 529-30, 537, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011) (reversing dismissal); *Zimmerman v. Bornick*, 25 F.4th 491,

492-94 (7th Cir. 2022) (allowing amendment of complaint); *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("As the Supreme Court and this court constantly remind litigants, plaintiffs do not need to plead legal theories."). Also, when a complaint does present legal theories, those theories may later be altered or refined. *Chessie Logistics*, 867 F.3d at 859.

*Zall v. Standard Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023). Therefore, Gill could have changed the legal theories he is asserting in this case in his response to Kinnard's motion for summary judgment. *See CMFG Life Insurance Co. v. RBS Securities, Inc.*, 799 F.3d 729, 743-44 (7th Cir. 2015) (plaintiff did not inappropriately add new claim during summary judgment briefing when factual basis was alleged in complaint); *Whitaker v. Milwaukee County*, 772 F.3d 802, 808-09 (7th Cir. 2014) (plaintiff should have been permitted to proceed on new summary judgment theory that recharacterized already-alleged facts and did not offer "any unfair surprise").

The Court finds it to be in the interests of judicial economy to permit the requested amendment, which will permit Counterclaim Defendants to file motions for summary judgment that address the claims Gill is actually asserting in this case. Accordingly, the motion to amend, [Dkt. 44], is **GRANTED** and **the Clerk is directed to file the Amended Counterclaim, which is found at Docket Numbers 46-1, -2, -3, and -4.** In light of this ruling, Kinnard's motion for summary judgment, [Dkt. 36], is **DENIED AS MOOT** without prejudice to its resubmission in compliance with the March 6, 2026 deadline set forth in the Court's June 30, 2025 Order Setting Pretrial Schedule and Discussing Discovery [Dkt. 32 at 4].

In his reply in support of the instant motion, Gill also moves for disqualification of Kinnard as Neville's attorney in this case. A motion may not be asserted in a reply brief. *See* Local Rule 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."). In any event, the Court has not

determined that disqualification is appropriate at this time, although that may change as the case progresses.

    SO ORDERED.

Dated:  4 FEB 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL KEVIN GILL
5138 Arabian Run
Indianapolis, IN 46228